IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE DAIVS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:15-CV-204-MHT |
| | )   [WO] |
| | ) |
| WILLY JACKSON, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Clarence Davis, a former state inmate, filed this 42 U.S.C. § 1983 in which he challenges actions taken against him during a prior term of incarceration at Draper Correctional Facility. Under the circumstances of this case, the court entered an order on September 13, 2017 requiring that Davis "advise the court of whether he seeks to proceed with this cause of action, which may entail appearances before this court for various necessary proceedings." Doc. 32. The court cautioned Davis "that if he fails to file a response to this order the undersigned will recommend that this case be dismissed for such failure." Doc. 32. The time allowed Davis to respond to the aforementioned order expired on September 22, 2017. As of the present date, Davis has filed no response to this order.

Despite Davis' failure to comply with the court's orders, the court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th

Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. Initially, Davis has failed to comply with the directives of the order that he advise the court of whether he seeks to proceed with this action. In addition, this case cannot properly proceed without participation by Davis. Finally, it appears that Davis is no longer interested in the prosecution of this case since he has not participated in any way in this action since informing the court of his release from custody. For the foregoing reasons, the court concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with an order of this court and his failure to prosecute this action.

The parties may file objections to the Recommendation on or before **October 27, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual

and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of October, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE